IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| KRISTIN BROUGHTON, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION 11-0036-WS-N |
| HPA SUBWAY, INC., | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss. (Doc. 6). The parties have submitted briefs in support of their respective positions, (Docs. 7, 10, 11), and the motion is ripe for resolution.

Five plaintiffs brought suit against the defendant under Title VII and Section 1981. (Doc. 1 at 1). The defendant's single argument is that it does not meet the statutory definition of an "employer" for purposes of Title VII and that the Court therefore lacks subject matter jurisdiction over this action, requiring its dismissal. (Doc. 7 at 2-3). The defendant's argument fails at multiple points.

First, "we hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). Thus, even if the defendant lacked the requisite number of employees during the relevant period and so is not an "employer," the Court would not lack subject matter jurisdiction over the claim.

Second, the defendant insists it is entitled to dismissal based on the laconic, conclusory affidavit of its general manager and on certain attached tax records, and it argues the plaintiffs should be denied any opportunity for discovery that might challenge or refute the defendant's position. (Doc. 11 at 5-7). But since the defendant's motion is not properly a challenge to subject matter jurisdiction under Rule 12(b)(1) but rather a

[1]

motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted,[1] reviewing material beyond the pleadings is impermissible. *E.g., Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss [under Rule 12(b)(6)], … the court limits its consideration to the pleadings and exhibits attached thereto.") (internal quotes omitted).

Third, even were the defendant's motion properly made under Rule 12(b)(1), its reliance on material outside the pleadings would make its attack on jurisdiction a factual one and, "[i]n a factual challenge [to subject matter jurisdiction], the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss." *In re: CP Ships Ltd. Securities Litigation*, 578 F.3d 1306, 1312 (11th Cir. 2009) (internal quotes omitted).

Fourth, the defendant incorrectly states that "Title VII is the sole basis of recovery alleged by the [plaintiffs] in this action." (Doc. 7 at 2). As already noted, however, the complaint also invokes Section 1981, an independent basis for subject matter jurisdiction which the defendant's motion ignores. Thus, even dismissal of the Title VII claim would not result in dismissal of the action.

The defendant catches this error in its reply brief, asserting that the plaintiffs have not stated valid claims under Section 1981. (Doc. 11 at 1-2). The threshold problem with this argument is that it was not raised until the reply. District courts, including this one, ordinarily do not consider arguments raised for the first time on reply.[2] The

---

[1] *Arbaugh*, 546 U.S. at 511-12, 516.

[2] *See Park City Water Authority v. North Fork Apartments, L.P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).

The Court has identified some of the reasons supporting the rule. "In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's
(Continued)

defendant offers, and the Court detects, no reason the rule should not be applied here.  At any rate, the defendant's only argument – that whites are not protected by Section 1981 – is unsupported by any cited authority and runs contrary to binding precedent. *McDonald v. Santa Fe Rail Transportation Co.*, 427 U.S. 273, 296 (1976) ("[W]e conclude that the District Court erred in dismissing petitioners' claims under § 1981 on the ground that the protections of that provision are unavailable to white persons."); *accord Bullard v. OMI Georgia, Inc.*, 640 F.2d 632, 634 (old 5th Cir. 1981).

For the reasons set forth above, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 5th day of April, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D. Ala. 2008).